CHESLEY WILLIAMS, Adm'r, v. J. B. PALMER, et als.

GUARDIAN. *Must account for profits.* *When.* A guardian purchasing land of his ward, and selling for a profit, when it was his duty to protect such ward, will be held to account for the principal and all profit. Story's Equity Jur., Section 322.

APPEAL. *Distinct right.* *Case not brought up as to all.* *When.* A case involving wholly separate and distinct rights between different parties, depending on different questions, an appeal by one party does not bring up all matters involved in the case.

ALLEGATION. *No issue.* *Decree.* The allegation of an attachment lien existing in another case, which allegation is not put in issue by the answer, and no proof taken thereon, cannot be made a matter of adjudication.

FROM RUTHERFORD.

Appeal from the Chancery Court.    A. S. MARKS, Chancellor.

CAMPBELL, McEWEN & BULLOCK for Williams.

T. W. TURLEY and E. A. and H. R. KEEBLE for Palmer, et als.

McFARLAND, J., delivered the opinion of the Court.

Upon the death of Blount Jordan, and the death of one of his children, unmarried and without issue, his three remaining children became entitled to his lands in Rutherford county. Thomas M., one of his heirs, conveyed his interest in the estate to Alexander Winn. Said Winn and John M. Jordan, and Eliza J., the wife of John C. Bostick, the two latter being the other two children of Blount Jordan, were then the owners of the land. The widow of said Blount Jordan, Laura C., who married James Hamilton, was entitled to dower.

A proceeding was instituted in the Chancery Court for the sale of the lands. John M. Jordan was a minor, and the petition was answered by his regular guardian, Williamson Jordan. The petition charged that it would be to the interest of all parties to sell the land as a whole, and pay the widow a fixed sum in lieu of dower. A decree was pronounced for the assignment of dower, and assuming from the proof that after the assignment of dower the land could not be partitioned without injury, directs a sale. The dower was not assigned for the reason, as it seems, that Alexander Winn, Williamson Jordan and John C. Bostick, purchased from Mrs. Hamilton her dower interest, giving their notes for $1,000 for the same. The land, however, was sold. One part was purchased by J. P. Miller, the other part by Alexander Winn. Their notes, with security, were given in accordance with the terms of sale, and the sale was confirmed, but the title not then vested. It is now conceded that Alexander, in making his purchase, did so for the joint benefit of himself, Williamson Jordan and John C. Bostick. Soon after their purchase they resold the land bought by them in two parcels, making a large profit. On this re-sale they received $1,100, but the remainder of the notes given by their sub-vendees remained unpaid for some time, and the proceeds were brought under the control of the Court in the present case, the attorney who had collected the money being made a party. The note given by Winn, Bostick and Williamson Jordan, for the purchase of the dower, was paid out of this fund,

but the notes given by Winn upon the purchase of the land remained unpaid. Williamson Jordan, Winn and Bostick all died, the latter having been declared a bankrupt before his death. In this attitude, and while the first cause still remained in Court, the present bill is filed by the administrator of Williamson Jordan to settle the rights of the parties to the fund. The personal representatives of Winn and Bostick, and the assignee in bankruptcy of the latter, are made defendants, as well as John M. Jordan and Eliza J. Bostick. From the decree of the Chancellor, settling the rights of the parties, the complainant, the administrator of Williamson Jordan, alone has appealed. That part of the decree which affects his rights is to the effect that at the time Williamson Jordan purchased a part of the lands, he was the guardian of John M. Jordan; he had, with others, instituted the proceeding for the sale of the land; he used no funds of his own in making the purchase; that he could not make a profit while it was his duty to protect the interest of his ward; and, therefore, John M. Jordan had the election to take the benefit of the purchase made by his guardian, and that he is entitled, in receiving his share of the proceeds of the land, to have the benefit of all profit made by Williamson Jordan upon the re-sale, crediting him with any sum paid for the purchase of the land.

We think this proposition is manifestly correct, in fact, we have been furnished with no argument by the learned counsel of the complainant against the correctness of this conclusion. It would be a startling doc-

trine to announce that under such circumstances the guardian could purchase for his own benefit. See Story's Equity Jur., Section 322.

It is argued, however, that the Chancellor erred in decreeing to Mrs. Bostick one-third of the fund arising from the sale. It is argued that the confirmation of the sale converted the land into personalty, and although the money was not reduced into possession by John C. Bostick, still his rights attached, if not to the whole fund, at least to that part constituting the profit upon the re-sale, as it is maintained the relation of husband to Mrs. Bostick did not prevent him from purchasing for his own interest.

We express no opinion upon these questions, for the reason that we do not regard them as before us. Neither the assignee in bankruptcy, or the personal representative of Bostick, have appealed. If Mrs. Bostick is not entitled to the fund, then it must belong either to the assignee or administrator. If they are content with the decree it must stand. It being a case involving wholly separate and distinct rights between different parties, depending upon different questions, it is not a case where the appeal of one party brings up all matters involved in the case. If the parties interested in the decree upon this question are content, it can not be disturbed at the instance of one having no interest. But it is argued that the complainant has an interest in the share of Bostick as an attaching creditor. The ground of this is as follows: "The bill in this case, after setting forth the facts, uses this lan-

guage: "If this view of the question be the correct one, then the said A. W. Moss, as assignee in bankruptcy, is the owner of said John C. Bostick's part of the proceeds of the sale, and certainly his part of the profits, unless indeed the same should be, as your orator believes and charges the same are, bound by the lien of an attachment or attachments from the Chancery Courts at Franklin, in the case of your orator, as administrator of Williamson Jordan against Narcissa J. Winn, et als., etc.

This is the only allusion to the subject, except, as part of the prayer, he asks that his rights against Bostick's share be declared and enforced. The answers take no notice of this allegation, and the record of the cases referred to are not read as evidence upon the hearing, nor was there any evidence or notice taken of this statement. We think it very clear that upon this record we can make no adjudication in regard to the attachment proceeding thus incidentally referred to. The complainants claim, its nature, justness, or amount is not put in issue, there is no attachment in the present case, and surely we can not determine the validity or effect of the attachment in the case referred to. We are fully satisfied that we can make no decree on this question. As to the state, therefore, of the fund claimed to have belonged to John C. Bostick, we hold that the complainant has no interest, and the question is not brought up by his appeal. John M. Jordan is not entitled in this case to a decree against complainant, as administrator of his guardian, for his

share of the $1,100, collected by him in his lifetime. He filed no cross bill asking this relief. He will have to pursue another remedy as to this.

No other question being made, the decree of the Chancellor will be affirmed, with costs.